RAMONA PEÑA ET AL., Plaintiffs and Appellants, *v.* THE PEOPLE OF PUERTO RICO, Defendant and Appellee.

No. 9724. Argued June 2, 1948.—Decided June 17, 1948.

*Bolívar Pagán* for appellants. *Luis Negrón Fernández, Attorney General,* and *F. Torres Aguiar, Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

Jovino Vázquez Rosario was run over by a fire engine belonging to the Insular Fire Service, which is an agency of the Government of Puerto Rico. Vázquez died in consequence of the injuries he received in the accident, and the widow and four brothers of the deceased now seek to recover damages therefor in the sum of $45,000. In their complaint, they allege that the accident was due to the negligence of the driver of the vehicle, who at the time of the accident was driving the same at a speed in excess of 48 miles per hour over a street within the urban zone of the town of Juncos; and that on approaching the victim, the driver failed to sound any horn or signal apparatus, or try to reduce the speed, or take the necessary precautions when turning the corner. It is further alleged that the driver of the vehicle, who was an employee of the People of Puerto Rico, did not have a license authorizing him to drive motor vehicles; that at the time of the accident the driver was working for the Government, in the exercise of functions alien to his employment as a fireman, and at that time he was "acting as a

special agent of the Government of Puerto Rico, obeying orders and concrete and specific instructions from another employee of the same Insular Fire Service, who had under his charge the conservation and care of said vehicle belonging to the People of Puerto Rico, and who when giving such instructions acted as an agent of the People of Puerto Rico."

The defendant moved to dismiss the complaint, on the ground that it did not state facts sufficient to constitute a cause of action against the defendant.

The District Court of San Juan thereupon entered an order dismissing the complaint and granting the plaintiffs a term of 10 days to amend it. The plaintiffs then requested that judgment be rendered on the pleadings and, upon said judgment being rendered, they took the present appeal. As an only assignment, they urge that the lower court erred in holding that. the allegations of the complaint do not set up facts tending to show that the acts which caused the accident were executed by a special agent of the People of Puerto Rico.

Pursuant to Act No. 11, Laws of Puerto Rico, 1928 (p. 130), the People of Puerto Rico has given its consent to be sued in damages. This Court in several decisions has held that said Act No. 11 should be read together with § 1803 of the Civil Code, according to which the People of Puerto Rico is liable for damages caused by negligence "when it acts through a special agent; but not when the damage should have been caused by the official to whom properly it pertained to do the act performed." *Rivera* v. *People*, 65 P. R.R. 925; *Soto* v. *Lucchetti*, 58 P.R.R. 715; *Ortiz* v. *People*, 44 P.R.R. 146.

In *Soto* v. *Lucchetti, supra,* we stated, to quote from the syllabus, that "The special agent mentioned in Section 1803 of the Civil Code (1930 ed.) is one who receives a special commission, alien to his normal duties, if he is a public official, so that as the representative of the State and with power to bind it as its agent, he may carry out the

mission with which he is entrusted. Said concept does not cover, therefore, executive agents, or regular employees of the administrative departments in the exercise of the normal and proper functions of their offices.''

■ In the complaint under discussion it is alleged that the driver of the vehicle was an employee of the Insular Fire Service and that he ''was charged with the ordinary duties and functions of a fireman''; and that at the time of the accident ''he was employed in the service of the People of Puerto Rico, exercising functions alien to his aforesaid employment, acting as a special agent of the People of Puerto Rico'' and, furthermore, that at that time said fireman was obeying concrete and specific instructions from another employee of the Insular Fire Service who ''when giving such instructions acted as an agent of the People of Puerto Rico.'' We fail to find in the complaint any allegation as to the terms and character of the concrete order or commission received and in compliance with which the driver of the vehicle acted at the time of the accident. We also fail to find any allegation as to the power which the employee in charge of the conservation and care of the vehicle might have to appoint a special agent to act on behalf of the state and bind the latter as his principal.

The lower court did not err in holding that the facts alleged are not sufficient to constitute a cause of action.

The judgment appealed from should be affirmed.

Mr. Justice De Jesús did not participate herein.